Deaderioe:, J.,
delivered the opinion of the Court.
The complainants as sureties of H. Hill, Sheriff of Williamson county, paid a large sum of money to B. B,. Hughes, who had obtained judgment against defendant Wilkins and others, upon which execution was issued, which came to the hands of the Sheriff. The Sheriff failed to make due return, and judgment upon motion was rendered against him and his sureties, upon which execution issued; and having paid the judgment, complainants filed their injunction and attachment bill in the Chancery Court at Franklin, seeking to have a debt due from the county of Williamson to defendant Wilkins, of about $600, applied towards the satisfaction of the amount paid by them on his debt to Hughes.
Complainants claim that, as sureties of the Sheriff, having paid Wilkins’s debt to Hughes, they have an equity to be substituted to the rights' of Hughes against Wilkins. The complainant Bittick died pending the suit, and it was revived in the names of Jo. J. Green and Jas. T. Shannon, his executors.
The claim for indemnity on the part of the surety against the principal is not founded upon contract, but upon a principle of natural equity and justice. It is the creature of equity, and the practice of sub-rogation or substitution, or the cession of remedies, is so administered as to secure essential justice without regard to form. 1 L. C. Eq., 86-7.
*309 Payment by one who stands in the relation of a surety, while it may extinguish the remedy, or discharge the security as respects the creditor, has not that effect as between the principal debtor and the surety. As to the surety, it operates as an assignment in equity of the debt and all legal proceedings upon it; and in favor of the surety, the debt and all its obligations and incidents are considered as still subsisting. lb., 88.
Our own decisions have somewhat modified this doctrine. In 4 Hum., 320, it is held that when a surety discharges a judgment, it is extinguished, and there is nothing to which he can be substituted. But if the creditor has a security against another person for the same debt, or upon other property, these being distinct from the obligation held on the surety, the discharge of the judgment does not extinguish the other security or lien; and the surety who paid the creditor is entitled to stand in his place, and to be substituted to all his rights.
-In a later case, in 5 Hum., 298, the Court referring to the case first cited, say that when a party to a judgment pays it, the judgment ceases to exist and there is nothing to be substituted to; and also cite McNairy v. Eastland, 10 Yerg., 310, and approve that case.
In the last named case, MeNairy had paid $1,200 for Eastland, upon a judgment obtained by Oxley, upon- which MeNairy filed his bill to subject certain equitable real estate to the satisfaction of the amount paid. MeNairy had . obtained a judgment against *310 Eastland for the amount paid, but the judgment was declared void; nevertheless, the Court held that Mc-Nairy was substituted to the right of Oxley, the judgment creditor; and that the effect of such substitution was, through the lien of said judgment, to enable McNairy to maintain his bill to subject the real estate mentioned to the satisfaction of the amount paid; holding in effect, that notwithstanding the judgment had been paid to the creditor, the surety, through the- lien of the extinguished judgment, was enabled to file his bill as if he had an assignment of it. The cases in 4 Hum., 320, and 5 Hum., 298, only hold that the surety is not substituted to the rights of the judgment creditor in such a sense as that an execution can be issued upon the judgment in his favor, as an assignee of the judgment, as held in 1 L. C. Eq., 88, notes. Yet a surety who has paid money for his principal may ■ be substituted to the lien which the creditor had on the property of the principal debtor, and to all the rights of the judgment creditor. 10 Yerg., 320; 3 Hum., 558. And this principle applies equally to securities, including judgments, bonds, liens, and mortgages, in Avhich the surety is jointly bound with the principal, and to those which are cumulative and collateral to the original debt. 1 L. C. Eq. 88. Nor is it material whether the judgment or, decree is against the principal and surety jointly; nor whether the instrument upon which the surety’s obligation arises is collateral to the judgment against the principal; nor whether the surety was, or was not, a party to the original judgment. 1 L. C. Eq., 91.
*311 A surety, by paying the debt of his principal, becomes entitled to be substituted to all the rights of the creditor, and to have the benefit of all the securities which the creditor had for the payment of the debt, without any exception; and is entitled to all his rights to any fund, lien, or equity, against any other person or property, on account of the debt. lb,, 92-3, and this right of substitution subsists in favor of a person who is compelled to pay the debt of another, in order to protect his own interest.
The complainants, as sureties of Hill, the Sheriff, paid the debt of Hughes, for which defendant Wilkins was primarily liable. Hughes had the right, upon his judgment, upon which execution had been issued, to file his bill to subject the debts due to Wilkins to the satisfaction of the judgment; and upon the payment of the debt by the sureties of Hill, they were substituted to all the rights of Hughes to any fund or equity which he had against any person or property, on account of the debt.
It was therefore not necessary that complainants should have obtained judgment, and issued. execution thereon, before filing their bill.
It is insisted that the attachment granted in this case is void, and several cases are cited as sustaining this position. . The cases at law referred to, as to ancillary and original attachments, have no application to this case. It is true, no sufficient cause for attachment is alleged in this bill, and the attachment would have been discharged upon objection taken, either by motion or demurrer; but defendants submitted to answer to the *312 merits, without any exception taken to the attachment, which, however improperly it may have been granted, was operative until ■ discharged by the order of the Court, upon the motion of the defendants, when the final decree was rendered at the October Term, 1871. In the case of Fay v. Jones, where there was a demurrer to the whole bill, the Court say that, there being no ground for the issuance of an attachment, if the demurrer had been confined to this defect, it would have been sustained; but as upon other grounds the Court had jurisdiction, the decree of the Chancellor sustaining the demurrer was reversed, and the cause was remanded without any order discharging the attachment. 1 Head, 443.
It is alleged in the bill that the defendant Wilkins is insolvent, and that the other defendants have a fund under their control, or in their hands, which is due to him; and the bill seeks to have this specific sum applied towards payment of their demands, and prays for an injunction, restraining the Trustee and County Judge from paying it, and Wilkins from receiving it.
It is objected that nothing was due at the time the bill was filed, and that therefore complainants can take nothing; and a bill styled a cross-bill was filed by Larkin, McCollum & Beasly, who were not parties to the original bill, setting up that they were workmen on the buildings for the erection of which the money enjoined was due to Wilkins, the contractor; and praying to have liens severally declared in their favor for the amounts due them for their *313 labor, which was performed after the filing of the original bill. No notice, in writing or otherwise, is shown to have been given by the plaintiffs in the cross-bill, of their intention to claim a lien, nor was any attachment, either at law or equity, issued to enforce it. It is clear, therefore, that no mechanic’s lien subsists in their favor. Nor have they any right, as employees by the contractor, to have satisfaction out of the fund set apart for the payment of the contractor.
The complainants in the original bill seek to have the specific sum of $899, less $300 paid the contractor, applied to their claim.
At the October Term, 1871, a decree was made directing the application of the fund to the payment of the complainants’ claims, from which decree Wilkins and the complainants in the- cross-bill appeal. Wilkins had contracted to build “Poor Houses” for the county, and at the October Term, 1867, the County Court made the following order: “Ordered that $899 be paid to John A. Wilkins, subject to the order of the building committee, when the Poor Houses are completed.” The complainants filed their original bill the 2d of December, 1867; and $300 of the $899 had been paid to Wilkins before the bill was filed, and the buildings were completed afterwards; and the Justices of the county file their answer, and deny that they owe the amount of $589, but aver that they are willing to pay into the Chancery Court whatever they may owe.
Ballew, County Judge and Fiscal Agent of the *314 county, files his answer to the so-called cross-bill, and admits that the buildings have been finished and accepted, and that the county owes Wilkins a balance upon his contract, and is willing to pay over whatever is due, as the Chancery Court may direct.
The Chancellor decreed that the complainants in the cross-bill had no right to the fund, and that the complainants in the original bill were entitled to have the balance due from the county applied to their claim, and directed that the Clerk and Master receive the amount due and pay it out to the complainants in the original bill, and report to the nest term. The payment to the Master, it was ordered, should operate as a discharge of the debt against the county.
This decree, we are of opinion, was correct. The amount of the debt to Wilkins was ascertained, and an order made for its payment, subject to the order of the Imilding committee, made before the filing of the original bill; and by the filing of the bill the complainants became entitled to have the debt due from the county to Wilkins applied to the payment of the claim against him.
Let the decree be affirmed at the cost of the appellants, and the cause be remanded for such further proceedings, upon the report ordered, as may be necessary to effectuate the decree of the Chancellor.